UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| BIODIRECT, INC., | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Civil Action No. 14-13899-LTS |
| REGENERON PHARMACEUTICALS, INC., | ) ) ) ) | |
| Defendant. | ) ) | |

ORDER ON DEFENDANT'S MOTION TO DISMISS OR TRANSFER

December 2, 2014

SOROKIN, J.

      Defendant Regeneron moves to dismiss this case for lack of personal jurisdiction. To satisfy the constitutional requirements for personal jurisdiction over the defendant for a claim related to the defendant's contacts with the forum state, the plaintiff must establish (1) relatedness, (2) purposeful availment, and (3) reasonableness. See Astro-Med, Inc. v. Nihon Kohden Am., Inc., 591 F.3d 1, 9 (1st Cir. 2009). The reasonableness of the exercise of specific jurisdiction, in turn, is determined by reference to five factors: specifically, (1) the defendant's burden of appearing, (2) the forum State's interest in adjudicating the dispute, (3) the plaintiff's interest in obtaining convenient and effective relief, (4) the interstate judicial system's interest in obtaining the most efficient resolution of the controversy, and (5) the shared interest of the several States in furthering fundamental substantive social policies. Id. at 10.

The record before the Court establishes that the defendant is a publicly traded company incorporated in New York, but registered to do business in Massachusetts. The defendant initiated contact with the plaintiff in Massachusetts to purchase a scientific instrument called an ImageStream from the plaintiff. After a series of back and forth discussions and negotiations by phone and email, the defendant and the plaintiff entered into a contractual arrangement whereby the plaintiff purchased an ImageStream from a third party at an auction and directly shipped the ImageStream to a vendor selected by the defendant in Seattle for refurbishing. When the Seattle company opened the shipping container it found the ImageStream damaged. The plaintiff and the defendant—neither of whom physically inspected or possessed the ImageStream prior to its shipment to Seattle—dispute liability.

Based on the foregoing facts, the plaintiff has met its burden to establish personal jurisdiction over the defendant. As the First Circuit recently reaffirmed in C.W. Downer & Co. v. Bioriginal Food & Science Corp., knowingly initiating contact with a party in the forum state followed by negotiation or collaboration by phone or email with that party can be sufficient to ground specific jurisdiction, even in the absence of meaningful "physical contacts" with the forum state. No. 14-1327, 2014 WL 5861962, at *1 (1st Cir. Nov. 12, 2014). The defendant's initiation of contact with the plaintiff in Massachusetts and continued negotiations thereafter satisfies the constitutional requirements for personal jurisdiction.[1]

Alternatively, the defendant requests that the Court transfer this case to the federal court in New York pursuant to 28 U.S.C. § 1404(a), asserting that the convenience of the witnesses

---

[1] Because the Massachusetts long arm statute has been interpreted to assert jurisdiction to the limits allowed by the Constitution, the Court addresses only the constitutional inquiry and does not engage in a statutory analysis. See Phillips v. Prairie Eye Ctr., 530 F.3d 22, 26 (1st Cir. 2008).

supports transfer. The defendant, however, has not shown New York to be a more convenient forum than Massachusetts.

Accordingly, the Motion to Dismiss or Transfer, Doc. No. 8, is DENIED. The defendant shall answer the complaint with ten days of this Order. The Court will hold a Rule 16 Conference on January 13, 2015 at 3:30 p.m.

SO ORDERED.

  /s/ Leo T. Sorokin
Leo T. Sorokin
United States District Judge